[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11520
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00077-LGW-WLB-1


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NICHOLAS CURRIE,

Defendant–Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 31, 2015)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Nicholas Currie, proceeding *pro se*, appeals the district court's *sua sponte* denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. After careful review, we affirm.

## I. BACKGROUND

In 2007, Defendant pleaded guilty to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After he entered his guilty plea, the probation officer prepared Defendant's Presentence Investigation Report ("PSR"). The PSR indicated that Defendant was a career offender under U.S.S.G. § 4B1.1 because he had two prior convictions for crimes of violence. Because the statutory maximum for the present offense was 25 years or more, Defendant's career offender status resulted in an offense level of 34. The PSR applied a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 31. Given Defendant's numerous criminal convictions and status as a career offender, the PSR assigned a criminal history category of VI. Based on a total offense level of 31 and a criminal history category of VI, the PSR calculated Defendant's guideline range as 188 to 235 months' imprisonment.[1]

---

[1] Without the career offender designation, the PSR indicated that Defendant's base offense level would have been 26, pursuant to U.S.S.G. § 2D1.1(c)(7), and that Defendant would have been subject to a 2-level enhancement for possession of a firearm, pursuant to §2D1.1(b)(1).

Defendant did not file any objections to the PSR.  The district court ultimately imposed a 212-month sentence, and Defendant did not file a direct appeal.

In March 2015, the district court *sua sponte* considered whether Defendant was eligible for a sentence reduction under § 3582(c)(2).  The district court concluded that, as a career offender, Defendant was ineligible for a sentence reduction.  Defendant now appeals from that decision, arguing that he is entitled to a reduction under Amendment 782 because he was erroneously sentenced as a career offender.  Because one of his predicate offenses was not a crime of violence, in light of the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), he contends that his applicable guideline range should have been calculated pursuant to the drug quantity guidelines, U.S.S.G. § 2D1.1, not the career offender guideline.

## II.  DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a

3

defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  A defendant is not eligible for a reduction under § 3582(c)(2) if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).

Amendment 782, which is listed in § 1B1.10(d) and which became effective November 1, 2014, reduced by two levels the base offense level for most drug offenses.  *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014).  Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline.  *See* U.S.S.G. App. C., Amend. 782.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under the Drug Quantity Table set forth in § 2D1.1(c).  U.S.S.G. § 4B1.1; *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).  In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which like Amendment 782, lowered the § 2D1.1(c) base offense levels for certain quantities of crack cocaine.  541 F.3d at 1325.  We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their applicable guideline ranges, which had been calculated under § 4B1.1  *Id.* at 1327–28, 1330.  Likewise, in *United States v. Lawson*, 686 F.3d

4

1317 (11th Cir. 2012), we concluded that *Moore* remained binding precedent and that Amendment 750 did not lower the guideline range for career offenders. *Id.* at 1321.

Here, the district court did not err when it concluded that Defendant was not eligible for a sentence reduction. Defendant's total offense level and applicable guideline range were not based on the drug quantity offense levels in § 2D1.1, but instead were based on the career offender level in § 4B1.1. Because Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 did not lower the sentencing range upon which Defendant's sentence was based. *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1327–30.

Although Defendant argues that he would be entitled to a sentence reduction if he had not been improperly sentenced as a career offender, he cannot challenge his career offender designation in a § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (stating that in a § 3582(c)(2) proceeding "only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact"). Accordingly, the district court committed no error in concluding that Defendant was ineligible for a sentence reduction under § 3582(c)(2) and Amendment 782.

**AFFIRMED.**

5